**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DOUGLAS ELLINGER, and ELLINGER SERVICES, INC. | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| FLAGSHIP MANAGEMENT, LLC | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiffss Douglas Ellinger ("Ellinger") and Ellinger Services, Inc. ("Ellinger Services"), by and through their undersigned counsel, allege as follows:

## INTRODUCTION

1. This action arises from Defendant Flagship Management, LLC's breach of a Bill of Sale and Consulting Agreement executed in connection with Defendant's acquisition of certain assets of Ellinger Services, Inc.

2. For more than forty years, Ellinger worked in the biomedical equipment service industry and, through Ellinger Services, built a successful business based on longstanding customer relationships, technical expertise, and goodwill. Defendant sought to acquire those business assets and customer relationships while securing Ellinger's continued involvement following the acquisition.

3. Plaintiffs fully performed their respective obligations under the parties' agreements. Ellinger assisted Defendant with the transition of customer relationships, provided consulting and technical services, referred business opportunities, and supported Defendant's integration of the acquired business. Defendant accepted the benefits of Plaintiffs' performance.

4.      Despite accepting those benefits, Defendant failed to fulfill its contractual obligations by failing to pay amounts due under the parties' agreements, failing to honor the negotiated revenue-sharing arrangement, and imposing performance standards not contained in the contracts. As a result, Plaintiffs have suffered substantial damages.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.      Plaintiff Douglas Ellinger is an adult individual domiciled in West Jefferson, Ohio and is a citizen of Ohio.

7.      Plaintiff Ellinger Services, Inc. is a corporation organized under the laws of the State of Ohio with its principal place of business in West Jefferson, Ohio. Accordingly, Ellinger Services is a citizen of Ohio for purposes of 28 U.S.C. § 1332.

8.      Defendant Flagship Management, LLC is a Pennsylvania limited liability company whose members, upon information and belief, are all citizens of Pennsylvania. Accordingly, Defendant is a citizen of Pennsylvania for purposes of 28 U.S.C. § 1332.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant agreed in the Bill of Sale that disputes arising from the transaction would be governed by Pennsylvania law and litigated in Pennsylvania, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

**A.      Ellinger and Ellinger Services**

2

10.    Ellinger has worked in the biomedical equipment service industry for more than forty years and, in approximately 2001, founded Ellinger Service, a biomedical equipment service company headquartered in West Jefferson, Ohio.

11.    Over the next twenty-four years, Ellinger built Ellinger Services into a successful and well-respected business serving hospitals, rehabilitation facilities, universities, school districts, athletic programs, nursing facilities, chiropractic practices, and other healthcare providers throughout Ohio and neighboring states.

12.    Through his technical expertise, responsiveness, and quality of service, Ellinger developed longstanding relationships with hundreds of customers and established substantial goodwill and a reputation for excellence within the biomedical equipment industry.

13.    The principal value of Ellinger Services consisted not only of its physical assets, but also of its recurring customer relationships, goodwill, reputation, and Ellinger's industry knowledge and expertise.

14.    Defendant recognized the value of those customer relationships and Ellinger's goodwill and sought Ellinger's continued involvement following the sale to facilitate the transition of existing customers and promote future business opportunities.

**B.    Defendant's Pursuit of Ellinger Services**

15.    Defendant Flagship Management, LLC acquires and operates biomedical equipment service companies throughout the United States and actively seeks to acquire independent service companies with established customer relationships and goodwill.

16.    Beginning several years before the parties reached an agreement, Defendant pursued the acquisition of Ellinger Services through ongoing negotiations with Ellinger.

3

17. Throughout those negotiations, Defendant recognized that the principal value of Ellinger Services lay in Ellinger's longstanding customer relationships, goodwill, and industry reputation, and sought Ellinger's continued involvement following the sale to facilitate the transition of those relationships.

18. Although Ellinger received interest from other prospective purchasers, he elected to sell Ellinger Services to Defendant because Defendant proposed a transaction that would allow Ellinger to remain involved in the business and share in the future success of the customer relationships he had spent decades developing.

**C.     The Parties' Agreements**

19. On or about May 15, 2025, Ellinger Services, Ellinger, and Defendant executed a Bill of Sale governing Defendant's acquisition of certain assets of Ellinger Services, a true and correct copy of which is attached as Exhibit A.

20. Simultaneously, Ellinger and Defendant entered into a Consulting Agreement pursuant to which Ellinger agreed to provide consulting services following the closing, a true and correct copy of which is attached as Exhibit B.

21. The Bill of Sale required Defendant to pay Ellinger Services consideration consisting of a $30,000 payment together with additional compensation equal to ten percent (10%) of the annual net service revenue generated from the transferred customer accounts.

22. The Bill of Sale further granted Ellinger Services contractual audit and inspection rights to verify Defendant's payment obligations and provides for the recovery of reasonable attorney's fees and costs by the prevailing party.

23. The Consulting Agreement contemplated Ellinger's continued involvement in transitioning customer relationships, providing technical expertise, assisting Defendant with

existing and prospective customers, and supporting Defendant's successful integration of the acquired business.

24.     The Bill of Sale and Consulting Agreement were negotiated together and formed integral parts of a single transaction.

25.     Ellinger agreed to the structure of the transaction because he expected that he would continue working with Defendant after closing and would receive the compensation promised under both agreements.

26.     The consideration negotiated by the parties reflected Defendant's expectation that Ellinger would continue using his reputation, expertise, and longstanding customer relationships for Defendant's benefit following the acquisition.

**D.     Ellinger's Performance Following the Closing**

27.     Following the execution of the Bill of Sale and Consulting Agreement, Ellinger immediately began performing his contractual obligations.

28.     Ellinger devoted substantial time and effort to ensuring the successful transition of Ellinger Services' customers and business operations to Defendant.

29.     Ellinger understood that the success of the transaction depended upon maintaining the confidence of customers who had relied upon Ellinger and Ellinger Services for years and, in many instances, decades.

30.     Consistent with that understanding, Ellinger remained actively involved in assisting Defendant long after the closing of the transaction.

31.     Ellinger introduced Defendant to existing customers, facilitated communications with longstanding customer contacts, and repeatedly encouraged customers to continue utilizing Defendant for their biomedical equipment service needs.

32.     Ellinger referred repair opportunities, preventive maintenance work, calibration services, replacement equipment opportunities, warranty work, and new business opportunities to Defendant.

33.     Ellinger also provided technical assistance to Defendant, answered questions regarding customer equipment, advised Defendant concerning service histories and customer preferences, prepared estimates, and assisted Defendant in resolving customer issues.

34.     Ellinger further devoted substantial time to performing bench repairs, troubleshooting equipment, and assisting Defendant with work that required Ellinger's specialized technical knowledge and decades of industry experience.

35.     Throughout the consulting relationship, Defendant repeatedly sought Ellinger's assistance in servicing customers, transitioning accounts, identifying business opportunities, and expanding Defendant's presence within the biomedical equipment market.

36.     Ellinger consistently responded to Defendant's requests and made himself available whenever Defendant sought his assistance.

37.     Ellinger also continued promoting Defendant's services within the biomedical equipment industry by recommending Defendant to existing customers, prospective customers, vendors, and industry contacts.

38.     Ellinger introduced Defendant to numerous customers and decision-makers with whom Ellinger had developed longstanding business relationships over the course of his career.

39.     Ellinger also identified opportunities for Defendant to obtain new preventive maintenance contracts, repair work, equipment sales, and service agreements.

40.     Ellinger's efforts were not limited to transitioning existing customers. Ellinger also generated entirely new business opportunities that Defendant otherwise would not have obtained.

41.     Ellinger repeatedly acted as Defendant's representative in communications with customers and industry contacts, using the goodwill and reputation that Ellinger had spent decades developing to promote Defendant's business.

42.     Defendant accepted the benefits of Ellinger's efforts throughout the consulting relationship.

43.     Defendant regularly communicated with Ellinger concerning customer opportunities, requested additional assistance, relied upon Ellinger's technical expertise, and encouraged Ellinger to continue assisting with customer relationships.

44.     At no time during the months immediately following the closing did Defendant advise Ellinger that he was failing to satisfy his obligations under either the Bill of Sale or the Consulting Agreement.

45.     Instead, Defendant continued requesting Ellinger's assistance with additional customers, additional service opportunities, and additional transition efforts.

46.     Ellinger reasonably understood Defendant's continued requests for assistance and acceptance of Ellinger's work as confirmation that he was satisfactorily performing his obligations under the parties' agreements.

47.     During the months following the closing, Ellinger completed dozens of equipment repairs and technical projects for Defendant, including approximately twenty-four documented bench repair projects reflected in Defendant's repair records, in addition to other repairs that were performed but not entered into Defendant's tracking system because Defendant had not yet established the necessary administrative procedures for Ellinger.

48.     Ellinger likewise continued generating customer opportunities throughout the consulting relationship by referring existing customers to Defendant for repairs, preventive

maintenance services, calibration work, warranty services, equipment replacement opportunities, and related biomedical services.

49.    Ellinger's extensive post-closing efforts directly benefitted Defendant by preserving existing customer relationships, generating new revenue opportunities, facilitating the transition of acquired accounts, and expanding Defendant's customer base.

50.    Defendant knowingly accepted and retained those benefits.

**E.    Defendant's Course of Conduct**

51.    Despite Ellinger's extensive performance, Defendant gradually began delaying and withholding compensation required under the parties' agreements.

52.    Rather than evaluating Ellinger's performance under the standards set forth in the parties' written agreements, Defendant increasingly relied upon subjective criteria and expectations that do not appear in either the Bill of Sale or the Consulting Agreement.

53.    Defendant began asserting that Ellinger had failed to accomplish sufficient customer transitions despite continuing to request his assistance and utilize his customer relationships and industry expertise.

54.    Defendant continued accepting Ellinger's consulting services, customer referrals, technical assistance, and business development efforts while simultaneously reducing or withholding the compensation promised under the parties' agreements.

55.    Defendant further failed to provide Ellinger Services with the benefit of the negotiated revenue-sharing arrangement despite continuing to service customers transferred as part of the transaction.

56.    Ellinger repeatedly attempted to resolve the parties' disagreements through good-faith discussions and continued performing in an effort to preserve the parties' relationship.

8

57.    Rather than working cooperatively to resolve those issues, Defendant continued imposing performance expectations upon Ellinger that were not contained in the parties' agreements while retaining the substantial benefits of his performance.

58.    Defendant's conduct deprived Plaintiffs of the respective benefits for which they had bargained under the Bill of Sale and Consulting Agreement.

59.    As a result of the transaction, Ellinger Services relinquished its ability to sell its business as an intact operating business to another purchaser, despite having received interest from other prospective purchasers before entering into the transaction with Defendant.

60.    Defendant's conduct also impaired the customer relationships and goodwill that Ellinger Services and Ellinger had spent decades developing. Ellinger recommended Defendant to longstanding customers in reliance upon the parties' agreements, only to subsequently receive complaints from customers concerning their experiences with Defendant.

61.    As a result of Defendant's breaches, Plaintiffs have suffered damages, including unpaid contractual compensation, lost business opportunities, and impairment of the customer relationships and goodwill transferred to Defendant.

## <u>COUNT I</u>
### Breach of Bill of Sale
### Ellinger Services, Inc. v. Flagship Management, LLC

62.    Ellinger Services incorporates by reference the allegations contained in Paragraphs 1 through 61 as though fully set forth herein.

63.    On or about May 15, 2025, Ellinger Services, Ellinger, and Defendant entered into a valid and enforceable Bill of Sale governing Defendant's purchase of certain assets of Ellinger Services.

64. Under the Bill of Sale, Ellinger Services agreed to transfer the assets, goodwill, and customer relationships identified therein, and Defendant agreed to pay Ellinger Services the consideration set forth in the agreement, including payments based on annual net service revenue generated from the transferred customer accounts. The Bill of Sale also provides for the recovery of attorney's fees and costs by the prevailing party.

65. Ellinger Services and Ellinger fully performed their respective obligations under the Bill of Sale or, alternatively, any further performance was excused by Defendant's prior material breaches.

66. Defendant materially breached the Bill of Sale by, among other things:

a. failing to pay all consideration required under the agreement;

b. failing to properly calculate and pay compensation based on revenue generated from the transferred customer accounts;

c. failing to provide the information and records necessary for Ellinger Services to verify the amounts owed, as required by the Bill of Sale; and

d. asserting contractual requirements and performance standards not contained in the parties' agreement.

67. As a direct and proximate result of Defendant's breaches, Ellinger Services has suffered damages, including unpaid contractual compensation, and is entitled to recover prejudgment interest, post-judgment interest, reasonable attorney's fees and costs pursuant to the Bill of Sale, and such other relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff Ellinger Services, Inc. respectfully requests that this Court enter judgment in his favor and against Defendant for compensatory damages, all amounts due under the Bill of Sale, prejudgment and post-judgment interest, reasonable attorney's fees and

costs pursuant to the Bill of Sale, and such other and further relief as the Court deems just and proper.

## COUNT II

### Breach of Consulting Agreement

### Douglas Ellinger v. Flagship Management, LLC

68.    Ellinger incorporates by reference the allegations contained in Paragraphs 1 through 67 as though fully set forth herein.

69.    On or about May 15, 2025, Ellinger and Defendant entered into a valid and enforceable Consulting Agreement.

70.    Ellinger fully performed his obligations under the Consulting Agreement or, alternatively, any further performance was excused by Defendant's prior material breaches.

71.    Defendant materially breached the Consulting Agreement by failing to pay Ellinger the compensation required under the agreement after accepting the benefits of Ellinger's customer introductions, technical expertise, business referrals, transition assistance, and consulting services.

72.    As a direct and proximate result of Defendant's breaches, Ellinger has suffered damages and is entitled to recover all relief available under the Consulting Agreement and Pennsylvania law.

**WHEREFORE**, Ellinger respectfully requests that this Court enter judgment in his favor and against Defendant for compensatory damages, prejudgment and post-judgment interest, costs, and such other and further relief as the Court deems just and proper.

## COUNT III

### Breach of the Implied Covenant of Good Faith and Fair Dealing

73.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 72 as though fully set forth herein.

11

74.     The Bill of Sale and Consulting Agreement imposed upon Defendant an implied duty to exercise its contractual discretion in good faith and not to deprive Plaintiffs of their respective benefits under the parties' agreements.

75.     The parties contemplated an ongoing, cooperative relationship following the sale of Ellinger Services' assets, under which Ellinger would assist Defendant in transitioning customer relationships, provide technical expertise, and support Defendant's business in exchange for the compensation provided under the parties' respective agreements.

76.     Defendant possessed discretion in evaluating Ellinger's performance, administering the parties' agreements, and implementing the revenue-sharing provisions of the Bill of Sale, and was obligated to exercise that discretion honestly, fairly, and in good faith.

77.     Instead, Defendant exercised its contractual discretion in bad faith by accepting the benefits of Ellinger's consulting services, customer relationships, goodwill, technical expertise, and business referrals while withholding compensation owed to Plaintiffs under their respective agreements.

78.     Defendant further acted in bad faith by imposing performance standards and conditions that were not contained in the Bill of Sale or Consulting Agreement and relying upon those extra-contractual standards to deny Plaintiffs the benefits of their respective bargains.

79.     Defendant's conduct frustrated Plaintiffs' reasonable contractual expectations and deprived them of the benefits for which they had bargained.

80.     As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered damages.

**PRAYER FOR RELIEF**

12

**WHEREFORE**, Plaintiffs Douglas Ellinger and Ellinger Services, Inc. respectfully request that this Court enter judgment in his favor and against Defendant Flagship Management, LLC, and award the following relief:

a. Compensatory damages in an amount to be determined at trial resulting from Defendant's breaches of the Bill of Sale and Consulting Agreement;

b. All amounts due and owing under the Bill of Sale, including all unpaid purchase consideration and revenue-sharing payments required by the parties' agreement;

c. All amounts due and owing under the Consulting Agreement;

d. Reasonable attorney's fees and costs pursuant to the Bill of Sale;

e. Prejudgment interest as permitted by Pennsylvania law;

f. Post-judgment interest as provided by law;

g. Costs of suit;

h. Such equitable relief as may be necessary to enforce Ellinger Services' contractual rights under the Bill of Sale, including, if appropriate, an accounting and production of records sufficient to determine the revenue generated from the transferred customer accounts and the amounts owed to Ellinger Services thereunder;

i. Such other and further legal and equitable relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiffs demand a trial by jury on all issues so triable.

13

Respectfully submitted,

DATE: August 14, 2026

By: _Noah S. Cohen_____
Noah S. Cohen, Esquire
Pa. Atty. I.D. No. 313849
GOLDSHAW GREENBLATT PIERCE LLC
Two Penn Center, Suite 1230
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
215-978-9090
ncohen@ggplawfirm.com
*Attorneys for Plaintiffs*